# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LILLIAN ROSE, INC.,**

        **Plaintiff,**

**v.**                                    **Case No.    04-C-0354**

**AFFORDABLE LUXURIES, INC. and**
**PREMIER PRODUCTS DISTRIBUTION LLC,**

        **Defendants.**

# ORDER

On April 8, 2004, the above-captioned suit, for breach of contract and other causes of action, was removed from Waukesha County Circuit Court to federal court pursuant to 28 U.S.C. § 1332. Subsequently, a counterclaim was filed by the defendants. In July of 2004, during a telephonic scheduling conference, the Court established a final pre-trial telephonic conference date of June 24, 2005. However, that final pre-trial call was never held because the parties did not submit any pre-trial reports to the Court. Accordingly, the trial, originally set for July of 2005, was removed from the Court's calendar.

Subsequently, the Court was informed by David C. Turiciano of Cook & Franke S.C., that his firm would be taking no further action on behalf of the plaintiff and no other attorney would be filing an appearance in this case. (Apparently, the counsel of record for the plaintiff, Raymond D. Jamieson, has left Cook & Franke and joined the firm of Quarles &

Brady, LLP, which represents the defendants in this action.) To clarify the status of this suit, the Court issued an order on August 3, 2005, ordering the parties to inform the Court whether they intended to pursue their causes of action and counterclaims. This order was directed to both attorneys currently of record in this case, Raymond D. Jamieson and Cristina D. Hernandez-Malaby, as well as David C. Turiciano.

In response to its Order, the Court received a lone letter, dated August 4, 2005, from Hernandez-Malaby, counsel for the defendants. In that letter, Hernandez-Malaby explains that "the defendant," at the beginning of 2005, filed for voluntary Chapter 7 bankruptcy in Massachusetts. The bankruptcy form appended to the letter identifies Premier Products Distribution, L.L.C. as the debtor. Hernandez-Malaby states that she does "not anticipate either party will be proceeding in this matter."

Even with the aforementioned letter, the Court has been given little guidance on how to proceed. One of the defendants is in bankruptcy. The other defendant, like the plaintiff, has not been heard from since the Court issued its scheduling order over a year ago. Furthermore, the plaintiff, based on the Court's file, has no representation.

While this case may be disposable for lack of prosecution, the Court, absent more information, is wary of taking any steps that may deprive the plaintiff of the opportunity to press its claims for redress at some point in the future.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This Action is **STAYED**.

The Clerk of Court **SHALL** submit a JS-6 form to the administrative office thereby closing the case for statistical purposes.

Nothing in this order shall be considered a dismissal or disposition of this matter. Either party may reopen the case during the next six (6) months, but no later than March 19, 2006, by advising the Court and opposing counsel in writing that it is ready to proceed with the case. After said date, if neither party has indicated an intention to proceed, the Court will dismiss this case for lack of prosecution.

Dated at Milwaukee, Wisconsin this 20th day of September, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**