# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LILLIAN ROSE, INC.,

    Plaintiff,

v.    Case No.  04-C-0354

AFFORDABLE LUXURIES, INC. and
PREMIER PRODUCTS DISTRIBUTION LLC,

    Defendants.

# ORDER

  On April 8, 2004, the above-captioned suit, for breach of contract and other causes of action, was removed from Waukesha County Circuit Court to federal court pursuant to 28 U.S.C. § 1332. Subsequently, a counterclaim was filed by the defendants. In July of 2004, during a telephonic scheduling conference, the Court established a final pre-trial telephonic conference date of June 24, 2005. However, that final pre-trial call was never held because the parties did not submit any pre-trial reports to the Court. Accordingly, the trial, originally set for July of 2005, was removed from the Court's calendar.

  Subsequently, the Court was informed by David C. Turiciano of Cook & Franke S.C., that his firm would be taking no further action on behalf of the plaintiff and no other attorney would be filing an appearance in this case. (Apparently, the counsel of record for the plaintiff, Raymond D. Jamieson, had left Cook & Franke and joined the firm of Quarles &

Brady, LLP, which represents the defendants in this action.) To clarify the status of this suit, the Court issued an order on August 3, 2005, ordering the parties to inform the Court whether they intended to pursue their causes of action and counterclaims. This order was directed to both attorneys currently of record in this case, Raymond D. Jamieson and Cristina D. Hernandez-Malaby, as well as David C. Turiciano.

In response to its Order, the Court received a lone letter, dated August 4, 2005, from Hernandez-Malaby, counsel for the defendants. In that letter, Hernandez-Malaby explained that "the defendant," at the beginning of 2005, filed for voluntary Chapter 7 bankruptcy in Massachusetts. The bankruptcy form appended to the letter identifies Premier Products Distribution, L.L.C. as the debtor. Hernandez-Malaby states that she does "not anticipate either party will be proceeding in this matter."

By order dated September 20, 2005, the Court stayed this action while closing it for statistical purposes. The Court informed the parties that, at their request, the Court would reopen the action. However, the Court explained that, if after a period of six months, the parties did not express an intention to move forward on their claims, the Court would dismiss the entire action for lack of prosecution. The time period prescribed by the Court has since elapsed and the Court has not received any communications from the parties evincing a desire to proceed with this action.

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This action is **DISMISSED** for lack of prosecution.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2006.

                                  **BY THE COURT**

                                  s/ Rudolph T. Randa
                                  **Hon. Rudolph T. Randa**
                                  **Chief Judge**